1
2
3
4
5
6
7

**THE DISTRICT COURT OF GUAM**

8

| | |
|---|---|
| GARY WAYNE FRANCIS GUMATAOTAO, | CIVIL CASE NO. 22-00019 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE: MOTION TO DISMISS AND MOTION TO REMAND** |
| DAVID JEFFREY HIGHSMITH, DOES I AND II, INSURANCE COMPANIES, and GOVERNMENT OF GUAM, | |
| Defendants. | |

9
10
11
12
13
14
15
16

Before the court are the following motions: Defendant Government of Guam's Motion to Dismiss All Federal Claims Reinserted by the Superior Court of Guam or Otherwise; and Motion to Reconsider Denial of Sovereign Immunity as to Plaintiff's Guam Law Claims for Negligent Screening, Hiring, Training, Supervision, and Retention (ECF No. 2); and Plaintiff Gary Wayne Francis Gumataotao's Motion to Remand (ECF No. 4).

17
18
19
20

For the reasons stated herein, Defendant Government of Guam's Motion to Dismiss is **DENIED** as **MOOT**; and Plaintiff Gumataotao's Motion to Remand is **GRANTED**.

21
22

**I. BACKGROUND**

23

On March 28, 2022, this court issued an order granting Defendant Government of

24

Guam's and Defendant David Jeffrey Highsmith's motions to dismiss Count III of the Complaint; granting Plaintiff Gary Wayne Francis Gumataotao's motion to remand; and denying as moot the motion to stay. *See* Decision and Order, ECF No. 32, *Gumataotao v. Highsmith et al.,* Civil Case No. 21-00019 (Dist. of Guam).

In that Decision and Order, the court made a finding that Plaintiff failed to plead cognizable Section 1983 claims, because the Territory of Guam and its officers acting in their official capacities are not "persons" within the meaning of Section 1983.[1] *Id.* at 2-3. Because the court dismissed Plaintiff's Section 1983 claims against Defendants Government of Guam and Highsmith, it remanded the case back to the Superior Court of Guam. *Id.* at 7.

On August 17, 2022, Defendant Government of Guam filed a Notice of Second Removal. *See* Notice, ECF No. 1, *Gumataotao v. Highsmith et al.,* Civil Case No. 22-00019 (Dist. of Guam). Therein, Defendant Government of Guam asserts that the second removal is due to the decision issued by the Superior Court of Guam that "reintroduce[ed]" federal claims that this court had already dismissed. *Id.* at 2.

In the Superior Court of Guam's Decision and Order dated July 27, 2022, it stated in the conclusion that "the Government does not move to dismiss other aspects of Count II, including an alleged violation of Gumataotao's First Amendment rights and 'Workplace Violence.' Those claims were not dismissed by the federal court and remain intact." Ex. C to Notice of Removal at 59, ECF No. 1.

After the filing of the notice of second removal to this court, Defendant Government of Guam filed the instant motion to dismiss, ECF No. 2, and Plaintiff Gumataotao filed the instant motion to remand, ECF No. 4.

---

[1] The court distinguished suits for prospective injunctive relief under Section 1983, and noted that the action before it does not fall under this category. Decision and Order at 2-3, ECF No. 32 (Civil Case No. 21-00019 (Dist. of Guam)).

## II. DISCUSSION

### a. Motion to Dismiss

In the motion to dismiss, Defendant Government of Guam moves to dismiss all federal claims from the Complaint. ECF No. 2. It also moves this court to reconsider the Superior Court of Guam's denial of sovereign immunity as to the remaining Guam law claims. *Id.*

As to the motion to dismiss all federal claims, the court DENIES AS MOOT Defendant Government of Guam's motion because *there are no remaining federal claims* to be dismissed. This court's decision, issued on March 28, 2022, stands and is final. *See* Decision and Order, ECF No. 32 (Civil Case No. 21-00019 (Dist. of Guam)). All federal claims were dismissed by this court. *Id.* The dismissal was with prejudice (*id.* at 8), meaning, it cannot be resurrected or revived.

Because all federal claims were dismissed, the court chose to relinquish jurisdiction over the case by remanding it back to the state court, as it best served "the principles of economy, convenience, fairness, and comity which underline the pendent jurisdiction doctrine." *Id.* at 7. Had there been any remaining federal claims, this court would not have had the authority to remand the case to the state court. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ("[I]f the claim is within the district court's original jurisdiction, then it has no authority to remand, while it has discretion to remand if the claim falls within its supplemental jurisdiction.").

To the extent that this court's ruling was misconstrued, this court makes clear the following:

The Complaint contains three counts: Count 1 is against Defendant Highsmith; Count II is against Defendant Government of Guam; and Count III is against both Defendants Highsmith and the Government of Guam.

At issue in this second removal is Count II. Count II is based on the Government Claims Act and "general allegations." Contained within Count II, the Complaint alleges that Defendant Government of Guam "deprived the Plaintiff of his Freedom of Speech under the First Amendment to the United States Constitution and the Organic Act of Guam." Compl. at ¶ 64. Further, the Complaint alleges under Count II a "Workplace Violence," wherein it makes references to the Occupational Safety and Health Act of 1970 (OSHA) (*see id.* at ¶¶ 68, 74, and 75) and the need to establish workplace violence prevention training and policies (*see e.g.*, *id.* at ¶¶ 68, 70 and 75).

These allegations contained in Count II were reiterated in Count III. Count III alleges that based on (1) Defendant Government of Guam's failure to properly supervise and train Defendant Highsmith and adopt policies of supervision (*id.* at ¶¶ 102-106, 109, 111); and (2) Defendant Highsmith's deprivation of Plaintiff's constitutional right to free speech (*id.* at ¶ 101), among other things, Plaintiff has Section 1983 claims against Defendants.

While the particular "federal claims"[2] in Count II were not explicitly addressed in this court's decision dated March 28, 2022, by making a finding that Plaintiff Gumataotao failed to plead cognizable Section 1983 claims in Count III, this court, in essence, dismissed any and all federal claims against Defendants Government of Guam and Highsmith.[3] "[Section] 1983 merely provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution and laws of the United States. One cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quotation marks and internal brackets omitted). This court found in Count III that the Defendants are not "persons" under Section 1983

---

[2] To the extent that these are federal claims.
[3] Count III names Defendant Highsmith in his official capacity as an employee of the Government of Guam, serving in his capacity as an Assistant Attorney General. Compl. at ¶ 100.

and thus, cannot be held liable under Section 1983. Therefore, any and all federal claims were dismissed, because there is "no remedy for the vindication of rights secured by federal statutes." *Id.* at 284.

As to Defendant Government of Guam's motion for reconsideration of the Superior Court of Guam's denial of sovereign immunity as to the remaining Guam law claims, this court does not have jurisdiction to reconsider a decision it did not issue. The matters before the Superior Court of Guam are matters before that court.

**b. Motion to Remand**

For the same reasons stated in this court's March 28, 2022 decision, the court remands the case back to the Superior Court of Guam. There are no federal claims remaining in this court and therefore, it would be inappropriate to retain jurisdiction. *See* Decision and Order at 7, ECF No. 32 (Civil Case No. 21-00019 (Dist. of Guam)).

**III. CONCLUSION**

For the reasons stated herein, the court **DENIES AS MOOT** Defendant Government of Guam's motion to dismiss all federal claims and **DECLINES** to rule on the motion to reconsider the Superior Court of Guam's denial of sovereign immunity as to the remaining Guam law claims. Further, the court **GRANTS** Plaintiff Gumataotao's motion to remand and **REMANDS** the case back to the Superior Court of Guam.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
 **Chief Judge**
**Dated: Mar 13, 2023**